## Lingenfelter *et al. versus* Richey.

1. Sparks conveyed unimproved land to Hollar in 1837 by deed absolute on its face : in 1867, parties claiming under Sparks alleged the conveyance was in trust. The burthen was on them to show the trust, and that it had been recognised and kept alive by the acts and declarations of the parties.

2. Those claiming under Sparks were bound to show, by clear and satisfactory evidence, that there was a trust in his favor, and that he had taken possession of the land or exercised such exclusive acts of ownership within twenty-one years from the time the trust arose, as would prevent its extinguishment.

May 11th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Bedford county :* No. 31, to May Term 1869.

This was an action of trespass, q. c. f., commenced January 16th 1867, by Thomas Richey against Jacob Lingenfelter and others. The pleas were "not guilty" and "*liberum tenementum.*"

This case was once before heard in the Supreme Court, when

the judgment was reversed and a new trial awarded.   (8 P. F. Smith 485.)

The land in dispute was the half of a tract which originally belonged to Valentine Hollar.   About 1824 the tract was divided, Solomon Hollar became the owner of one-half and Jacob Ripley of the other.   On the 12th of May 1824, Ripley conveyed his part, containing about 224 acres, to Abraham Sparks, and on the 25th of April, 1837, Sparks made a deed to Solomon Hollar for this part; a patent for the whole tract was made to Hollar, May 16th 1837.   The executor of Solomon Hollar, under authority in his will, conveyed the land to the plaintiff in 1859.   The defendants, who claimed under Sparks, alleged and gave evidence for the purpose of. proving that Sparks made the deed to Hollar not to transfer the title, but merely to enable Hollar to have the whole tract included in one patent and thus save expense: they also gave evidence of acts of ownership by Sparks for a great number of years, by quarrying, cutting timber, selling stone and timber, &c., the land being unimproved.   In rebuttal the plaintiff gave evidence that Sparks bought the land from Ripley for Solomon Hollar, who furnished him with the purchase-money; that Hollar paid the taxes constantly for thirty-two years, that Sparks had not returned it for assessment, &c., with other evidence in answer to the defendants' case.

King, P. J., after presenting the respective positions of the plaintiff and defendants, and. referring to the evidence, charged:

"Before noticing the points that have been presented to the court, we will submit our views of the law applicable to this case.

"If Hollar held the land in trust for Sparks,—a trust resulting from a breach of the confidence reposed by Sparks in Hollar, which rendered Hollar a trustee *ex maleficio*,—good faith and the law require that he should execute the trust, if it is demanded within the proper time; but if Sparks permitted Hollar to pay the taxes for twenty-seven years, and during all that time neglected to assert his claim, he cannot invoke the aid of a court of equity to enforce the trust.   This is the rule, unless the jury find that Sparks took possession of the land, and brought himself within the principle that, when the *cestui que trust* has taken and continued in the possession of the land, the trust will be deemed to have been executed.   But here it is proper to inquire into the nature of the possession or entry that will have the force of a formal and written execution of the trust.   No case has been produced that defines it precisely.   We take it that it should have, at least, some of the characteristics of a possession to defeat a legal title under the Statute of Limitations.   It should be exclusive, distinct and adverse to the claim of the legal owner.   It may, however, bear more resemblance to an entry by the owner of the legal title, that tolls the Statute of Limitations, which is

[Lingenfelter v. Richey.]

accurately described in Hoopes v. Garver, 3 Harris 525. In this case Justice Chambers cites the case of Holtzapple v. Phillibaum, 4 Wash. C. C. R. 356, in which 'it is ruled that to constitute a legal entry on land to avoid the bar of the statute, the party must enter with intent to claim the possession, and must do some act to prove that such was his intention, by acts amounting to a trespass on the land, or he must declare that he enters for the purpose of claiming or taking possession. No particular form of words is prescribed by the law ; the substantial part is the taking or declaring an intention to take or claim possession.' In Altemus v. Campbell, C. J. Gibson says : 'An entry on land avoids the operation of the Act of Limitation, if accompanied by an explicit declaration, or an act of notorious dominion, by which the claimant challenges the right of the occupant.' Such explicit and formal acts as these are required to bar the rights of a trespasser on the land of the owner of the legal title, and we believe that acts quite as explicit and significant should be required to set aside the claim of a party holding a deed absolute on its face.

"It is to be remembered that up to the time the plaintiff acquired title, the land was vacant, without any buildings or improvements whatever upon it, except the opening of a limestone quarry and the burning of some three or four lime-kilns. There has been no actual possession of it either by residence or cultivation.

"The Supreme Court has said, in this very case, that 'the question of actual possession by the cestui que trust, during the time when the limitation was running, may have to be submitted to the jury;' and the question now arises, had Abraham Sparks such possession of this land in dispute, as will avoid the deed under which the plaintiff claims ? It is not necessary that Sparks should have erected a house upon the land, or taken actual possession, but the defendants are bound to show that he from time to time, within twenty-one years from the date of his deed to Hollar, exercised such acts of ownership, as distinctly, clearly and notoriously indicated an intention to claim the land as his own, and that such acts of ownership were exercised exclusive of and adverse to the claim of Hollar. In considering this question of possession, the fact that Sparks knowingly permitted Hollar to pay the taxes for thirty years or thereabouts, and during all that time neglected to return the land to the assessor as his, is, to say the least of it, an admission that he did not own or claim it."

The following points, submitted by the plaintiff, were affirmed :

" 2. If the defendant has established, in a clear and satisfactory manner, that Hollar, after he got the patent, was to reconvey the land to Sparks, then Sparks was bound to bring his action, or take possession of the land within twenty-one years from

[Lingenfelter *v.* Richey.]

the date of the patent (16th May 1837), as the law stood before the Act of 22d of April 1856, or within two years of the passage of that act.

"3. If Sparks made a legal entry to avoid the statute, it must have been accompanied with an explicit declaration of his claim, or an act of notorious dominion such as challenged the right of Hollar, and that possession, to bar the statute, must have been actual, notorious, exclusive and adverse."

The points of the defendants, with their answers, were as follows:—

"1. If the jury believe that the deed of 25th April 1837 was made by Abraham Sparks to Solomon Hollar, without consideration, for the purpose solely of having the land patented with less expense, then Solomon Hollar became the trustee of Abraham Sparks and the defendants must have the verdict."

Answer: "While the proposition contained in this point is true, it does not follow that the defendants must have the verdict, unless the jury is satisfied that Sparks had such possession of the premises as we have already described."

"2. If Abraham Sparks remained in the possession of the land from the date of the deed to Hollar until his death, exercising acts of notorious dominion, such as cutting timber, quarrying stone and burning lime, such acts amounted to an entry, the trust was in fact executed and made the title complete in Sparks, and the Act of 1856 has no application to the case."

Answer: "If the jury find the facts to be as assumed, and that the acts specified were adverse and hostile to the claim of Hollar, the legal result claimed for them would follow. Our general charge is, we think, a full answer to this point."

"3. Even if Solomon Hollar went into possession of the land under the deed from Sparks, and thereafter Sparks entered upon the land and continued to exercise such acts of ownership until his death, the title was complete in him before the Act of 1856 was passed."

Answer: "We cannot affirm this point as stated, if we understand it correctly. If it is intended to convey the idea of a joint occupancy of the land, and that Sparks would, notwithstanding, acquire a complete title to it, we cannot assent to it."

"4. If Sparks was in possession of the land after the deed of 1837, with the acquiescence and consent of Hollar, the trust was executed and the title complete in Sparks."

Answer: "This point is affirmed if the jury find that Sparks took the possession of the land claiming it as his own, and adversely to the claim of Hollar."

"5. If the jury believe that Sparks conveyed the land to Hollar without consideration, and for the purpose only of patent-

ing the land, and that the plaintiff with a knowledge of these facts is striving to gain title under the deed, then he is guilty of such a fraud as takes the case out of the Act of 1856, and defendants must have the verdict."

Answer: "We cannot see clearly that this proposition should be affirmed, but if there is any evidence from which the jury can say that Thomas Richey knew, at the time he purchased the land in dispute, that the deed from Sparks to Hollar was given for the purpose alleged, and, with such knowledge, undertook to gain an absolute title under the deed, we will, for the present, hold that it would be such a fraud as will take the case out of the Act of 22d April 1856. Such fraudulent conduct must be clearly and satisfactorily established, before the jury will be authorized to conclude that Richey designed to make such a fraudulent use of the deed."

" 6. If Sparks entered upon the land between the 25th of April 1837 and the time of his death, and exercised acts of notorious dominion, such entry is referable to nothing but title under the trust, and in execution of it, and was notice of Sparks's title to all the world and most clearly so to the trustee, Hollar."

Answer: "We cannot affirm this point as stated, unless the jury find that Sparks entered into and took possession of the premises in the manner we have already pointed out—namely, by exercising such acts of ownership from time to time, as distinctly, clearly and notoriously indicated an intention to claim the land as his own. If they so find, such entry and possession would then be referable to his title under the trust, and in execution of it. Whether Sparks made such entry and took possession must be ascertained by the jury from all the facts in the cause."

The verdict was for the plaintiff for $16.

The defendants took a writ of error and assigned for error, the answers of the court to the points of the parties.

*Tate, Kimmell & Lingenfelter* and *Russell,* for plaintiffs in error, cited: Clark *v.* Trindle, 2 P. F. Smith 495.

*G. H. Spang* and *W. M. Hall,* for defendant in error.—As to effect of continued payment of taxes they cited: McCaffrey *v.* Fisher, 4 W. & S. 182; Bank *v.* Woods, 1 Jones 115; Kelsey *v.* Murray, 9 Watts 111; Taylor *v.* Hertzog, 10 Barr 315.

The opinion of the court was delivered, July 6th 1869, by

Williams, J.—This was an action of trespass to try the title to 224 acres of land, being the one-half of a tract of 448 acres surveyed on a warrant granted to Valentine Hollar in 1796. Both parties claimed title under Abraham Sparks, who, by deed

[Lingenfelter *v.* Richey.]

dated the 25th of April 1837, granted and conveyed the land in controversy to Solomon Hollar. If this deed was intended as an absolute conveyance of the land for the use of Hollar, the title was in the plaintiff. But if it was made to Hollar in trust for Sparks, the equitable title was in the defendant Lingenfelter, unless the trust had become extinguished by lapse of time. As the deed on its face purported to be an absolute conveyance, the burthen of showing that it was made in trust for the grantor, and that the trust had been recognised and kept alive by the acts and declarations of the parties, was on the defendants.

The court, both in the general charge and in answer to the points submitted on both sides, instructed the jury, in substance, that if they found that the deed was an absolute one, designed to transfer the title from Sparks to Hollar, their verdict should be for the plaintiff. But if they found that the deed was in trust for Sparks, and that after its execution he entered on the land and exercised such acts of exclusive dominion and ownership over it as clearly indicated an intention to claim it as his own, then the trust was executed, and their verdict should be for the defendants. The court expressly instructed the jury that, in order to avoid the deed under which the plaintiff claimed, it was not necessary that Sparks should have erected a house upon the land, or taken actual possession of it, but the defendants were bound to show that he, from time to time, within twenty-one years from the date of his deed to Hollar, had exercised such acts of ownership, exclusive of and adverse to the claim of Hollar, as distinctly, clearly and notoriously indicated an intention to claim the land as his own; and if he permitted Hollar to pay the taxes for twenty-seven years, and during all that time neglected to assert his claim, he could not invoke the aid of a court of equity to enforce the trust.

The answers to the plaintiffs' and defendant's points, which have been assigned as error, were in strict conformity with these instructions, and with the law as laid down by this court in Strimpfler *v.* Roberts, 6 Harris 283; McBarron *v.* Glass, 6 Casey 135; Clark *v.* Trindle, 2 P. F. Smith 492; and in this very case when it was before us last year. The defendants have no reason to complain of the charge or of the manner in which the case was submitted to the jury. As they claimed title to the land against the express language of the deed, they were bound to show by clear and satisfactory evidence that there was a resulting trust in favor of Sparks, and that he had taken such possession of the land, or exercised such exclusive acts of ownership over it within twenty-one years from the time the trust arose as would prevent its extinguishment. And as they failed to do this, the verdict of the jury was rightly for the plaintiff.

Judgment affirmed.